USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/1/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERT LAU,

    Plaintiff,

-against-

AMERICAN EAGLE OUTFITTERS, et al.,

    Defendants.

17-CV-6055 (GBD) (BCM)

**REPORT AND RECOMMENDATION TO THE HONORABLE GEORGE B. DANIELS**

**BARBARA MOSES, United States Magistrate Judge.**

Before the Court for Report and Recommendation is defendants' motion (Dkt. No. 21) to dismiss this action in its entirety pursuant to Fed. R. Civ. P. 41(b) or, in the alternative, to dismiss it as against the defendant named as Marcle Maverson (but identified by defendants as Marcel Malvoisin) pursuant to Fed. R. Civ. P. 4(m). For the reasons set forth below, I respectfully recommend that the Rule 41(b) motion be DENIED without prejudice to renewal if plaintiff Gilbert Lau once again fails to appear in court when required, violates any other rules or court orders, or otherwise fails diligently to prosecute this action. I further recommend that the Rule 4(m) motion be DENIED insofar as it seeks the dismissal of plaintiff's claims against Maverson/Malvoisin (hereafter the Individual Defendant), but that the plaintiff be directed to complete service on that defendant, and file a proof of service in compliance with Rule 4(l), within 60 days of today's date.

## BACKGROUND

Plaintiff, who brought this action *pro se*, alleges that he is "a person with a disability," which he describes as "chronic schizophrenia or mild[ ] mental retardation." Am. Compl. (Dkt. No. 1-3) ¶¶ 15, 17. He asserts that the Individual Defendant, who worked as a "Human Resources Representative" for defendant American Eagle Outfitters (American Eagle), *id.* ¶ 5,

illegally discriminated against him on the basis of his disability during a March 2015 job interview "for [a] Security Guard position" at American Eagle by inquiring about the nature of his disability during that interview, and then refusing to hire him on that basis. *Id.* ¶¶ 16-20, 26.

Plaintiff filed his original complaint (Dkt. No. 1-1) in New York Supreme Court, New York County, on or about November 7, 2016, and his Amended Complaint on or about May 12, 2017. Not. of Removal (Dkt. No. 1) ¶¶ 1, 3. Defendants removed the action to federal court on August 10, 2017, *see* Not. of Removal, and filed an answer, on behalf of American Eagle only, on August 17, 2017. (Dkt. No. 9.)[1]

Plaintiff Lau is not a stranger to this Court. Because of his "extensive history of filing frivolous complaints," both here and in other courts, he has been barred from filing any new cases *in forma pauperis* (IFP) "without first obtaining from the Court leave to file." Order, *Gilbert Lau v. Match.Com, et. al*, Case No. 13-cv-2938 (S.D.N.Y. Jan 28, 2014) (Preska, C.J.). Since this action was removed from state court, however, it is not covered by the bar order.

On August 14, 2017, the District Judge referred this action to me (Dkt. No. 6), whereupon I scheduled an initial case management and scheduling conference for September 13, 2017. (Dkt. No. 7.) That conference has yet to occur.

In a letter written on August 26 and filed on August 28, 2017 (Dkt. No. 13), Mr. Lau requested that the conference be adjourned to November 8, 2017, explaining that he had a "family emergency" and would be "out of the USA," but "back on after [sic] November 1, 2017." He explained that November 8 would be convenient because he "may have another court proceeding in State Court the same day at 2 pm." *Id.* By Order dated August 29, 2017 (Dkt. No. 14), I adjourned the conference to 10:00 a.m. on November 8, 2017, as requested by Mr. Lau.

---

[1] In the Answer, American Eagle avers that the true name of the Individual Defendant is Marcel Malvoisin, and that he "has not been served in this action." Ans. at 1 n.1.

2

By letter dated October 26, 2017 (Dkt. No. 17), Mr. Lau requested a second adjournment of the conference, until January 2018, stating that he was "leaving for Uganda to attend an urgent business matter" on November 7, 2017, and that he had planned that trip "prior to receiving news" about the November 8 conference. As proof of his travel plans, he attached a copy of an email dated August 25, 2017 (Dkt. No. 17-1), which appeared to indicate that on that date Mr. Lau made an "advance seat selection" in connection with a round-trip flight, on an unspecified date, between New York and Johannesburg.

In an Order dated November 1, 2017 (Dkt. No. 18), I explained that I had difficulty crediting Mr. Lau's statements about his travel plans, noting that: (i) he had specifically requested the November 8 conference date in his letter dated August 26 (the day *after* he supposedly planned his Uganda trip); (ii) the August 25 email did not state the dates of his alleged Uganda trip, and; (iii) Johannesburg is more than 2,500 miles from Uganda. *Id.* at 1. However, as a courtesy to Mr. Lau, I rescheduled the conference from November 8 to 1:30 p.m. on November 6, the day *before* Mr. Lau's stated departure. *Id.* at 2. The November 1 Order directed "[a]ll parties" to "appear at the conference" and expressly warned Mr. Lau that any failure to comply with that or other court orders could result in monetary sanctions or dismissal of his case:

> Mr. Lau is reminded that as the plaintiff in this action he is obligated to prosecute it diligently. *See* Fed. R. Civ. P. 41(b) (court may dismiss action for failure to prosecute). Plaintiff is further reminded that all litigants before this Court, whether or not they have any legal training, are expected to comply with the Court's orders and to appear in court when directed to do so. *See, e.g., McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir. 1988) ("[A]ll litigants, including *pro ses,* have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). To that end, Fed. R. Civ. P. 16(f)(l) permits the Court to "issue any just orders," including orders imposing monetary sanctions, "if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference" or "is substantially unprepared to participate" in the conference.

3

> Sanctions are also available if a party "fails to obey a scheduling or other pretrial order." *Id.* In addition to other sanctions, the Court "must" order the disobedient party to pay the reasonable expenses incurred by other parties because of the noncompliance, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

*Id.* at 2. The November 1 Order was served on Mr. Lau electronically via ECF.[2] In addition, the Order was mailed to him by the Court, and emailed to him by defendants (Dkt. No. 19), both on November 1, 2017. On the morning of November 6, 2017, Mr. Lau informed my chambers staff by telephone that he intended to come to the conference but might be a couple of hours late. My staff reiterated that it was his obligation to appear at 1:30 p.m. as ordered.

Defendants appeared through counsel at 1:30 p.m. on November 6, 2017, as required, for the initial case management and scheduling conference. Mr. Lau was not there. Defendants requested an order dismissing the action for failure to prosecute. I directed them to make any such motion in writing. Mr. Lau arrived at approximately 2:15 p.m., by which time defendants' counsel had left and another matter was proceeding in the courtroom. On November 7, 2017, plaintiff filed a letter (Dkt. No. 20) in which he apologized for missing the November 6 conference, asked that it be rescheduled to January 8, 2018, and stated again that he was leaving the country later that day and would not return until the end of December.

On November 10, 2017, defendants filed their motion to dismiss. On November 19, 2017, in a letter and affirmation emailed to defendants – but not filed with the Court until counsel for defendants did so in response to a request from chambers – Mr. Lau requested an extension of his time to respond to the motion to dismiss and reiterated his request that the initial case management and scheduling conference be rescheduled to January 2018. (*See* Dkt. Nos. 26 to 26-3.) I rescheduled the case management conference for January 17, 2018, denied the extension

---

[2] Mr. Lau consented to receive electronic service in this case and furnished his email address for that purpose on October 30, 2017. (Dkt. No. 16.)

4

request, and deemed defendants' motion to dismiss fully-briefed. (Dkt. No. 28.) I now recommend that the District Judge deny that motion.

## DISCUSSION

### I. LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes district courts to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise. *Id.* It is "a 'harsh remedy [that] is appropriate only in extreme situations.'" *Sorokin v. New York Cty. Dist. Atty's Office*, 535 F. App'x 3, 5 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

"In recognition of [that] principle," the Second Circuit has "'fashioned guiding rules that limit a trial court's discretion' when determining whether dismissal for failure to prosecute is appropriate in a particular case." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). Those factors include whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Rudder v. Jimenez*, 2014 WL 1349047, at *3 (S.D.N.Y. Apr. 7, 2014), *report and recommendation adopted*, 2014 WL 2855012 (S.D.N.Y. June 23, 2014) (quoting *Drake*, 375 F.3d at 254).

These five factors "significantly cabin a district court's discretion under Rule 41(b), so that 'deference is due to the district court's decision to dismiss a pro se litigant's complaint only

5

when the circumstances are sufficiently extreme.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Lucas*, 84 F.3d at 535). The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies" where "the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. However, as I previously advised Mr. Lau himself, "all litigants, including *pro ses,* have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald,* 850 F.2d at 124; *see also Yadav v. Brookhaven Nat. Lab.*, 487 F. App'x 671 (2d Cir. 2012) (citing *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008)) (Pro se litigants "are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience."). No single factor is dispositive, and "[d]ismissal should be determined in 'light of the whole record.'" *Franceschi v. United States*, 2013 WL 443995, at *1 (S.D.N.Y. Feb. 4, 2013) (quoting *Lucas*, 84 F.3d at 535).

Rule 4(m) requires a plaintiff to serve each defendant with the summons and complaint "within 90 days after the complaint is filed." If that deadline is not met as to any defendant, the court "must . . . dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Where, as here, the complaint was filed in state court and then removed, the 90 days begins to run "at the time the action is removed to federal court." *Yaman v. D'Angelo*, 206 F. Supp. 2d 394, 401 (W.D.N.Y. 2002)

## II. ANALYSIS

### A. The Rule 41(b) Motion

Defendants argue that this action is "ripe for dismissal with prejudice under Fed. R. Civ. P. 41(b)," Def. Mem. in Supp. dated Nov. 10, 2017 (Dkt. No. 22), at 2, 4-5, because Mr. Lau failed to appear at the November 6 initial case management conference in violation of my

6

November 1 Order, and because he has "maintained a pattern of delay in prosecuting this matter" both before and after that date. *Id.* at 2. I agree with defendants that Mr. Lau has not prosecuted his own action with the diligence that the Court expects of a plaintiff – whether counseled or pro se – and that several of the *Drake* factors would support dismissal to some extent. I conclude, however, that the circumstances are not "sufficiently extreme," *Lesane*, 239 F.3d at 209, to warrant the most severe sanction at this juncture.

First, it has been over three months since Mr. Lau first requested an adjournment of the initial case management conference in this Court. During that period the Court has twice rescheduled the conference to accommodate the plaintiff's supposed travel plans, and defendants' counsel invested time and travel expenses to attend the rescheduled conference on November 8, only to find that the conference could not go forward due to plaintiff's absence. As a result, the conference has been adjourned again – this time for another two months – and there is still no discovery schedule in place. Thus, plaintiff's failure has caused "a delay of significant duration." *Drake*, 375 F.3d at 245. Nonetheless, the only court order that Mr. Lau actually violated was my November 1 Order directing him to appear at 1:30 p.m. on November 6, and he only missed that deadline by 45 minutes, after which he apologized twice, suggesting a sincere (though inadequate) attempt to comply.

Second, the November 1 Order advised Mr. Lau that non-compliance with court orders could result in sanctions, potentially including dismissal of this action. In light of his pro se status, however, I cannot concluded that the November 1 Order provided "sufficient notice from the Court that his failure to comply *would* result in the dismissal of this action." *Solomon v. Beachlane Mgmt.*, 2004 WL 2403950, at *2 (S.D.N.Y. Oct. 26, 2004) (emphasis in original).

7

Third, while defendants were undoubtedly prejudiced by preparing for and attending the conference at which plaintiff failed to appear, I cannot conclude that the prejudice they will suffer from the additional two-month delay before the case management conference takes place in January is so severe as to warrant the ultimate sanction of dismissal.

Fourth, although Mr. Lau has twice requested adjournment of court conferences – the second time on somewhat implausible grounds – and failed to appear at the November 6 conference, his late arrival in the courtroom that day, along with his apologetic subsequent submissions, evince a strong desire, and some effort, to "receiv[e] a fair chance to be heard." *Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998) (citing *Lucas*, 84 F.3d at 535). The negative effect of Mr. Lau's conduct on this Court's docket is not, at this point, sufficiently severe to outweigh that interest. *See Lucas*, 84 F.3d at 535-46 ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court.").

Finally, plaintiffs have not sought any lesser sanctions, such as monetary sanctions.

Accordingly, I respectfully recommend that the District Judge DENY defendants' Rule 41(b) motion to dismiss, without prejudice to renewal should Mr. Lau once again fail to appear in court when required, violate any other rules or court orders, or otherwise fail diligently to prosecute this action.

### B. The Rule 4(m) Motion

Defendants' counsel have stated a number of times, in unsworn statements, that the Individual Defendant has not been served in this action. *See* Ans. at 1.n.1; Def. Mem. in Supp. at 1 n.1, Notice of Appearance dated Aug. 17, 2017 (Dkt. No. 10), at 1.n1. However, the Court has no admissible evidence on the issue. Moreover, as noted above, the 90-day service period under

8

Rule 4(m) commenced with the Notice of Removal on August 10, 2017, giving Mr. Lau until November 8, 2017, to effect service. Consequently, I recommend that the District Judge DENY the Rule 4(m) motion and instead direct Mr. Lau to serve the Individual Defendant (if he has not done so already), and file a proof of service in compliance with Rule 4(l), within 60 days of today's date, that is, on or before January 30, 2018.

Dated: New York, New York
December 1, 2017

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from this date to file written objections to the portion of this Opinion constituting a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Hon. George B. Daniels at 500 Pearl Street, New York, New York 10007, and to the chambers of the Hon. Barbara Moses at the same address. Any request for an extension of time to file objections must be directed to Judge Daniels. Failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).