UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GILBERT LAU,

                  Plaintiff,

      -against-

AMERICAN EAGLE OUTFITTERS, MARCLE
MAVERSON,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM DECISION
AND ORDER**
17 Civ. 6055 (GBD) (BCM)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Gilbert Lau brought this action alleging that he was discriminated against

on the basis of his disability in violation of the Americans with Disabilities Act, New York State

Human Rights Law, and New York City Human Rights Law. (Compl., ECF No. 1-3.) On August

14, 2017, this matter was referred to Magistrate Judge Barbara Moses. (ECF No. 6.) Defendants

moved to dismiss the action in its entirety for failure to prosecute pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure, or in the alternative, to dismiss the claims against Defendant

Marcle Maverson (identified by Defendants as Marcel Malvoisin) for failure to serve under Rule

4(m). (Mot. to Dismiss, ECF No. 21.) Plaintiff did not file a timely response to the motion and

Magistrate Judge Moses denied his request for an extension of time finding the motion fully

briefed. (*See* Order, Dec. 1, 2017, ECF No. 28.) Before this Court is Magistrate Judge Moses'

December 1, 2017 Report and Recommendation ("Report," ECF No. 29), recommending that

Defendants' "Rule 41(b) motion be DENIED without prejudice to renewal if plaintiff Gilbert Lau

once again fails to appear in court when required, violates any other rules or court orders, or

otherwise fails diligently to prosecute this action." (Report at 1.) The Report further recommends

1

that this Court deny Defendants' Rule 4(m) motion "insofar as it seeks the dismissal of plaintiff's claims against Maverson/Malvoisin . . . but that the plaintiff be directed to complete service on that defendant, and file a proof of service in compliance with Rule 4(l), within 60 days of [the Report]."[1]  (*Id.*)  The Report is adopted in its entirety.[2]

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C).  When no party files objections to a report, the Court may adopt the report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (internal citations and quotation marks omitted).  Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.  (Report at 9); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  No objections to the Report have been filed.  The Report contains no clear error of law.

Although Plaintiff has caused some delay in prosecuting this matter by failing to timely appear at the initial conference, considering Plaintiff's *pro se* status, Magistrate Judge Moses properly concluded that the circumstances in this case are not "sufficiently extreme" to warrant dismissal under Rule 41(b) at this juncture.  (Report at 7.)  Furthermore, under Rule 4(m), instead of dismissal, courts can "order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Accordingly, for the reasons stated in Magistrate Judge Moses' Report, Defendants' Rule 41(b)

---

[1] The Report was issued on December 1, 2017.

[2] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

motion is DENIED without prejudice to renew if Plaintiff fails to appear in court when required, violates any other rules or court orders, or otherwise fails to diligently to prosecute this action. Defendants' Rule 4(m) motion is also DENIED. Plaintiff is directed to complete service on Defendant Maverson/Malvoisin, and file proof of service in compliance with Rule 4(l) by January 30, 2018.

The Clerk of Court is directed to close the motion at ECF No. 21.

Dated: New York, New York
      January 16, 2018

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge